UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELSA MALDONADO, et al.,

    Plaintiffs,

    v.

CITY OF SAN LEANDRO, et al.,

    Defendants.

_____/

No. C 09-0470 PJH

**ORDER GRANTING MOTION TO DISMISS; VACATING HEARING DATE; AND SCHEDULING CASE MANAGEMENT CONFERENCE**

    Before the court is a motion to dismiss filed by defendants County of Alameda, Carolyn Lacativo, Sandra Theis, Bonnie Sorlie, and Diane Wade. Plaintiffs' so-called "Request to Stop Motion to Dismiss 'Unconstitutional'", which the court construes as plaintiffs' opposition, is also before the court. Because the court finds that oral argument is unnecessary and would not be helpful, the hearing date of December 16, 2009 is VACATED pursuant to Civil Local Rule 7-1(b). For the following reasons, defendants' motion to dismiss is GRANTED.

    Plaintiffs' three causes of action alleging civil rights violations against defendants pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986, are DISMISSED with prejudice because they are barred by the applicable statute of limitations. See, e.g., Wilson v. Garcia, 471 U.S. 261 (1985)(forum state's statute of limitations for personal injury torts sets forth appropriate period for determining statute of limitations under sections 1983 and 1985), superseded by statute on other grounds, as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004); see also Cal. Civ. Proc Code § 335.1 (establishing two year limitation for the filing of civil claims alleging personal injury); RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002)("The statute of limitations applicable to a § 1986 claim is

one year").

Plaintiffs' opposition, moreover, not only fails to set forth any grounds upon which dismissal could be avoided, it is also largely nonsensical, and fails to meaningfully address or counter the merits of defendants' arguments.

Thus, for the foregoing reasons and the reasons set forth by defendants in their motion papers, the motion to dismiss plaintiffs' claims against the above-referenced defendants is GRANTED.  The dismissal is with prejudice, as plaintiffs have articulated no additional allegations that could possible cure the deficiency noted above.

The court, having now dismissed both the San Leandro group of defendants and the Alameda County group of defendants, schedules a further case management conference for the remaining parties.  Plaintiffs and the remaining defendants, the Stanislaus County group of defendants, shall appear for case management conference on **January 7, 2010, at 2:00 p.m.**, Courtroom 3, Oakland Courthouse, 1301 Clay Street, Oakland, California 94612.  The court notes that Stanislaus County defendants did not appear at the November 5, 2009 case management conference and did not obtain permission of the court to absent themselves.  Accordingly, a further failure to appear by Stanislaus County defendants may result in the imposition of sanctions, including entry of default.

**IT IS SO ORDERED.**

Dated: December 10, 2009

PHYLLIS J. HAMILTON
United States District Judge