UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELSA MALDONADO, et al.,

    Plaintiffs,

    v.

CITY OF SAN LEANDRO, et al.,

    Defendants.
_____/

No. C 09-0470 PJH

**ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY**

    Before the court is pro se plaintiffs Elsa Maldonado's and Rene Maldonado's motion to disqualify the undersigned judge pursuant to 28 United States Code §§ 144 and 455. 28 U.S.C. § 144 provides for recusal in situations where "the judge before whom [a] matter is pending has a personal bias or prejudice either [a party] or in favor of any adverse party." Section 455, by contrast, mandates that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned;" or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." See 28 U.S.C. § 455(a); id., at § 455(b)(1). The test for personal bias or prejudice in section 144 is identical to that in section 455. See United States v. Olander, 584 F.2d 876, 882 (9th Cir. 1978); see United States v. Carignan, 600 F.2d 762, 764 (9th Cir. 1979).

    Section 144 expressly conditions recusal upon the moving party's filing of a timely and sufficient affidavit stating that the judge before whom the matter is pending has a personal bias or prejudice against that party. Recusal is appropriate only if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993)

(quotation omitted).  Because a federal judge is presumed to be impartial, the party claiming bias bears a substantial burden to show that the judge is not impartial.  <u>Reiffin v. Microsoft Corp</u>., 158 F. Supp.2d 1016, 1021-22 (N.D. Cal. 2001).

Here, neither of the named plaintiffs has filed an affidavit detailing any alleged bias, which is enough to warrant dismissal of the motion as legally insufficient without even reaching the merits of plaintiffs' claim.  <u>Davis v. Fendler</u>, 650 F.2d 1154, 1163 (9th Cir. 1981).  In addition, however, even if the court construes plaintiffs' motion as constituting the affidavit under the liberal pleading standards afforded to pro se litigants, plaintiffs' claims of bias are largely incomprehensible, and devoid of merit.  Plaintiffs state: that the court's bias and prejudice against plaintiffs is evident by the court's "illegal and unconstitutional[]" treatment of plaintiffs; the violation of plaintiffs' constitutional rights; that the court "does not know not any of the truth from Oct. 13, 2004 to this present date" but "wants to protect a corrupt system"; that the court has discriminated against plaintiffs; and that the court is "in favor of the defendants to win knowingly that they commit perjury and worse crimes with the assistance of the lower state courts...".  Interspersed with these broadly framed allegations are large swaths of plaintiffs' motion that are nonsensical, but which generally appear to charge that plaintiffs' children "have been kidnapped" and "enslaved" by the state of California and the government, and that charge the state with corruption and other unlawful conduct.  Nowhere do plaintiffs provide any detail or factual recitations regarding the manner in which plaintiffs have had their legal rights purportedly violated, nor do they provide any supporting or detailed facts for any of their conclusions of bias.

Accordingly, plaintiffs fail to establish any basis for a determination that the court has a personal bias or prejudice against them, or that the court's impartiality might reasonably be questioned.  <u>See U.S. v. Sibla</u>, 624 F.2d 864, 868 (9th Cir. 1980)(holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source").  Consequently, plaintiffs' motion, even if construed as a properly filed affidavit, is insufficient as a matter of law, and plaintiffs' claim under 28 U.S.C. § § 144 and

455 is untenable. Furthermore, to the extent plaintiffs' claim of bias is based on prior rulings in the case (i.e., the prior grants of motions to dismiss by 2 of 3 groups of defendants), the court's rulings may be the basis of appeal to a higher court, but are not the basis for disqualification. See Liteky v. United States, 510 U.S. 540, 555-56 (1994); see also Berger v. U.S., 255 U.S. 22, 34 (1921)(adverse rulings alone cannot constitute the necessary showing of bias or prejudice). Plaintiffs' motion for recusal is therefore DENIED.

Finally, the court also notes that defendants' pending motion for summary judgment is set for hearing on September 15. To date, plaintiffs have failed to file an opposition brief (nor has a reply brief been filed). Having reviewed the motion papers on file, and the time for briefing on the matter now closed, the court finds the matter appropriate for decision without oral argument. The September 15 hearing date is VACATED, and the court takes the matter under submission.

**IT IS SO ORDERED.**

Dated: September 3, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge